CHARLES E. STRATTON V. WILLIAM H. WOOD ET AL.

FILED JUNE 22, 1895. No. 5889.

Pleading: AMENDMENT DURING TRIAL. The giving of leave to make an amendment of a petition in the course of a trial, when such amendment does not substantially change the nature of the plaintiff's claim, is within the discretion of the district judge.

ERROR from the district court of Douglas county. Tried below before DAVIS, J.

*C. A. Baldwin,* for plaintiff in error.

*Slabaugh & Rush, contra:*

RYAN, C.

The plaintiff in error, with Stephen Milholm, were charged in a petition filed in the office of the clerk of the district court of Douglas county with having by a fraudulent conspiracy obtained from the defendants in error a

stock of groceries of the value of $275 without considera-
tion. The manner in which it was charged that the wrong
complained of was accomplished was this : Milholm agreed
to purchase said groceries for $250 in cash, but, as he was
unable to pay this amount at once, it was agreed between
him and the defendants in error that certain notes secured
by mortgages should be given the defendants in error as
security until the morning following the day on which the
agreement to sell was entered into; that Stratton agreed to
pay said sum of $250 on said next day, if the defendants
in error would deliver the goods already agreed to be pur-
chased by Milholm, and by the means described it was
charged that Stratton and Milholm were endeavoring to
cheat and defraud the defendants in error of their stock
of groceries and the pay therefor. It was further alleged
that immediately thereupon the plaintiff in error took said
groceries and removed them beyond the control and knowl-
edge of the defendants in error; that plaintiff in error
wholly refused to comply with their agreements; that in
obtaining said groceries Milholm was but the tool of Strat-
ton; that the notes and mortgages which Stratton promised
to cash were worthless; that the defendants in error, be-
lieving the promises and representations of Milholm and
Stratton to be true, transferred the aforesaid groceries as
above described.

There is complaint made because during the trial the
above petition was amended by the insertion of this lan-
guage : "That said Stratton did not at the time he so
agreed and represented so to do intend to carry out or fulfil
said representations and agreements that he would buy said
notes and mortgages and pay said amount for them as afore-
said, and said Milholm knew of said agreement and knew
that said Stratton did not intend to do as he agreed." The
plaintiff in error characterizes as unheard of, the submis-
sion of the case to a jury before this amendment had been
made and two days before the answer to the amended peti-

Stratton v. Wood.

tion was in fact filed.  The amendment was made, as had
been indicated that it would be made, before the submission
of the cause.  An answer was permitted to be filed *instanter*,
but the actual filing was delayed two days.  For this last
circumstance the defendants in error were not responsible.
The right to allow amendments which do not materially
change the original claim of plaintiff is expressly recog-
nized in the provisions of section 144 of the Code of Civil
Procedure.  There was no abuse of this discretion, as will
readily be seen upon consideration of the averments origi-
nally made in connection with the above quoted amend-
ment.  There was a judgment by default against Milholm
for the amount of damages claimed, and upon a trial to a
jury of the issues presented by the amended petition and
the answer thereto, there was judgment for a like amount
on a verdict returned against Stratton.  By the latter a
petition in error has been filed, with a transcript of the
record and the original bill of exceptions, in this court.  It
is not necessary to set out the evidence offered on either
side.  It is sufficient for every purpose to state that there
was ample proof to justify the jury in finding every alle-
gation of the amended petition was true.  The conclusions
of the jury upon the disputed questions of fact were ap-
proved by the refusal of the district court to grant a new
trial.  No proposition other than those already considered
was argued by the plaintiff in error, and the judgment of
the district court is

AFFIRMED.