## Andrew L. Undeland et al. v. Frank S. Stanfield et al.

Filed December 21, 1897. No. 7674.

1. **Chattel Mortgages:** Foreclosure Sale: Rights of Bidders. One who claims an interest in chattels by virtue of his bid therefor upon the foreclosure of a mortgage thereon by sale at public auction cannot be heard to question the regularity of a subsequent sale of the same chattels rendered necessary by his own refusal, by payment, to make good his bid.

2. **Amendment of Pleading During Trial.** It is within the discretion of the trial court to allow an amendment of a petition in the course of a trial where such amendment does not change the original cause of action stated by the plaintiff.

Error from the district court of Douglas county. Tried below before Ambrose, J. *Affirmed.*

*Weaver & Giller*, for plaintiffs in error.

*Lawrence Rath* and *Charles Offutt, contra.*

Ryan, C.

This was replevin for the possession of certain barber's supplies, tools, etc., which had been mortgaged by the firm of A. L. Undeland & Co. to various parties to whom that firm was indebted. As a purchaser under the foreclosure of certain of these mortgages, Frank S. Stanfield, originally as owner, began this action in the district court of Douglas county. Subsequently, with leave of said court, Stanfield amended his petition so as to claim the replevied property as owner and as agent and custodian of one Annie Bradbury, who, as was alleged, had a special interest in, and by reason thereof was entitled to the immediate possession of, said property. The nature of this special interest claimed for Annie Bradbury will appear in the further statement of the facts of this case. The firm of A. L. Undeland & Co. was composed of Andrew L. Undeland and Nels,

Steffenson.  This firm executed the chattel mortgages at the dates, for the several amounts, and to the respective parties, following, to-wit: January 15, 1894, to Theodore A. Kochs, for $250;  January 16, 1894, to Mrs. Annie Bradbury, for $265;  January 17, 1894, to E. E. Bruce & Co., for $71.54;  January 19, 1894, to Graef Cutlery Co., for $365.25;  January 19, 1894, to J. B. Williams Co., for $118.12.    On January 19, 1894, the mortgage to Theodore A. Kochs was assigned to Mrs. Bradbury and at some time in January, 1894, the mortgage to E. E. Bruce & Co. was assigned to Frank S. Stanfield.   These two parties therefore were the owners of the mortgages to secure the aggregate amount of $586.54.   On January 17, 1894, Stanfield went into possession of the mortgaged property upon the request of Mrs. Bradbury and continued in such possession until the date of the sale hereinafter described.   On February 20, 1894, pursuant to the foreclosure notices which had been duly published by Mrs. Bradbury in her own right and as assignee and by Frank S. Stanfield as assignee, the mortgaged property was offered for sale.   By this time other mortgages had been filed of record.   There was competitive bidding until the final bid was made by Jacob B. Emminger of $1,925 for the whole of the property mortgaged.   In satisfaction of this bid Emminger refused to pay more than $704, insisting that this would be sufficient to discharge the mortgages advertised for foreclosure, and all proper and reasonable costs attendant upon the sale, and even this offer was coupled with the requirement that the mortgages should be assigned to the bidder.   After an hour and probably more spent in attempting to obtain payment of the bid above described the agent of the parties foreclosing declared that the bid not being complied with was rejected and forthwith again offered the property for sale, and there being no other bidder, it was struck off to Stanfield for $1,300.   Emminger thereupon, with the aid of Undeland, Weaver, and Giller, took possession of the property which he claimed to have pur-

chased and this replevin suit was brought against these parties to recover the possession to which Stanfield claims to be entitled by virtue of his bid on behalf of himself and Mrs. Bradbury.

The arguments of Mr. Emminger will now be considered separately. He urges that, as the excess above the mortgages held by Stanfield and Mrs. Bradbury was payable to the mortgagors, he should not have been required to pay the amount of his bid. One matter of dispute between Stanfield and Emminger when the latter refused to make good his bid was that the expenses of foreclosure, as estimated by Stanfield, were not approved by Emminger as being necessary as to two items and were not reasonable as to a third. As a mere purchaser these matters were no concerns of Emminger. His proposition was to take the property at the price fixed by himself, and if he wished to get this property there was but one thing for him to do, and that was, to pay what by his bid he had offered. He undertook to justify his refusal not only on the above ground, but also because, as he claimed, Stanfield was not financially responsible for the sum of $1,925. Mr. Emminger had no justification for offering to pay this sum unless he intended to pay it if accepted, and having made the bid, it was no concern of his whether Stanfield would account faithfully to his principal or not. Again, Mr. Emminger insists that the sale to Stanfield was made after 4 o'clock, and, therefore, no title thereby was vested in Stanfield. Emminger is in no position to raise this question. He, at least, has no title, and his dispossession of Stanfield by force gave him no rights by virtue of possession. The other plaintiffs in error in the district court filed as their answer a disclaimer of title and denied that they ever had been in possession of the goods in controversy. They, therefore, cannot be heard at this late stage of the proceedings to urge that Stanfield should not be entitled to possession because of irregularities in the sale, even if we should concede that the sale to Stanfield was

irregular,—a concession not necessary to be taken into account.

The amendment did not change the cause of action and was, therefore, permissible. (*Stratton v. Wood*, 45 Neb. 629.) There is found no error in the record and the judgment of the district court is

AFFIRMED.