FARMERS LOAN & TRUST COMPANY, APPELLEE, v. JOHN JOSEPH ET AL., APPELLANTS.

FILED MARCH 10, 1910. No. 15,905.

1. **Appearance.** When, in a case in which the court has jurisdiction of the subject matter, a defendant voluntarily appears to resist an order in the case, and thereafter answers to the merits and asks for affirmative relief, he thereby makes a general appearance in the action.

2. **Appeal in Equity:** MOTION FOR NEW TRIAL. In an equity case appealed to this court, if it is desired to review alleged erroneous rulings of the trial court as to the reception of evidence, a motion for a new trial must be filed and overruled in the district court.

3. **Tax Certificates:** OWNERSHIP: EVIDENCE. Proof of indorsement of a tax sale certificate by an original purchaser and possession by an indorsee are *prima facie* evidence of ownership of it.

APPEAL from the district court for Holt county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*Charles O. Whedon,* for appellants.

*J. A. Donohoe* and *M. F. Harrington,* contra.

LETTON, J.

In September, 1895, a petition in an action to foreclose certain tax certificates was filed in the district court for Holt county. The land itself was made defendant, as were also the owners of the land, John Joseph and William Grafe, who at the time were residents of Saunders county in this state. The record before us is defective, confused, and incomplete, and, so far as it shows, no summons was ever issued or served. On December 7, 1895, a voluntary dismissal was filed by the plaintiff. No order of dismissal appears. The record does not show any appearance of the defendants by answer or otherwise at that time. About four years afterwards, on December 27, 1899, a motion to reinstate the case was filed by the plaintiff, giving as a reason that the cause was dismissed by mistake and that the defendants had never paid the tax lien. A defective notice of this motion was personally served upon the defendants, and the record shows that on February 7, 1900, certain objections to the reinstatement of the case were filed by them. These objections set forth the facts as to the filing of the petition and the dismissal, alleged "that more than four years have elapsed since plaintiff dismissed its cause of action, and that the first legal notice to reinstate its cause, has been brought to defendants' notice this 7th day of February, 1900," with several other reasons not necessary to consider. The journal entry shows that on the 7th day of February a special appearance of defendants was sustained, and that "defendants thereupon entered voluntary appearances for the purpose of resisting the motion to reinstate. The matter was submitted to the court, and the court finds that this action was wrongfully and improperly dismissed and was dismissed without any authority." The court further ordered that the dismissal be set aside and the action reinstated, to which the defendants excepted, and on the same day requested and were granted 40 days in

which to file an amended answer. On June 12, 1901, an answer was filed setting up a number of defenses to the merits, alleging that the plaintiff was not the real party in interest, that the statute of limitations had run, and asking the court "to find, order, and decree that the plaintiff do not have any right, title, or claim" in the premises by reason of the alleged taxes. The case evidently lay quiescent in the district court until the 3d of April, 1908, when it was heard upon the pleadings and evidence, and the court found generally for the plaintiff, fixing the amount due for taxes, foreclosing the tax lien, and ordering a sale, from which judgment the defendants have appealed. The principal complaints made are that the court was without jurisdiction to reinstate the case, that there is no competent proof of the assignment of the tax certificates, and that the plaintiff is not the real party in interest.

1. As to the reinstatement of the case, it was clearly irregular, and we think that no valid judgment could have been rendered without service of summons if the defendants had not voluntarily submitted themselves to the jurisdiction of the court. The court had jurisdiction of the subject matter, but it had no jurisdiction of the person of defendants until they appeared and litigated the question of reinstatement, and upon the court finding against them upon this point they voluntarily answered to the merits, and asked for affirmative relief. By so doing they waived their objections to the jurisdiction. *State v. Smith,* 57 Neb. 41; *Cleghorn v. Waterman,* 16 Neb. 226.

2. In the tax certificates upon which the action is based the original purchaser was W. G. Palmanteer, and upon the back of each of them appears an assignment to the plaintiff signed by Palmanteer. His signature and that of the county treasurer were identified at the trial, and the papers were offered and received in evidence as exhibits A, B, C and D, over the objection that the testimony offered was incompetent, irrelevant and immaterial.

It is insisted that the reception in evidence of the exhibits did not include the assignment, and it is argued that under the authority of *Levy v. Cunningham,* 56 Neb. 348, this ruling of the trial court was erroneous. No motion for a new trial was made calling the attention of the district court to the alleged error. The cause is before us for trial *de novo* upon the question whether the judgment of the district court is right under the pleadings and evidence, and alleged errors occurring at the trial cannot be considered in the absence of a motion for a new trial. In *Leavitt v. Bartholomew,* 1 Neb. (Unof.) 756, it is said: "Proof of indorsement of a tax sale certificate by original purchaser and possession by indorsee are *prima facie* evidence of ownership of it." We think the evidence sustains the findings of the trial court in this regard.

3. As to the contention that the plaintiff is not the real party in interest; this is based upon an affidavit which appears in the transcript, but which forms no part of the bill of exceptions, and, hence, cannot be considered. Without this there is no evidence to support this complaint.

We find no merit in the defendants' contentions. The judgment of the district court is therefore

AFFIRMED.