JOHN F. BRADY, APPELLEE, v. JOHN B. McGINLEY ET AL.; ANNA HOOKSTRA, APPELLANT.

FILED DECEMBER 24, 1913. No. 17,467.

1. **Tax Foreclosure:** RIGHT OF REDEMPTION. In an action to redeem from a tax foreclosure sale and to set aside a sheriff's deed based thereupon, there was an error in the description of the land in the petition by the omission of a 40-acre tract, but the plaintiff offered to pay the amount of the taxes and interest found due on the whole tract by the foreclosure decree, and specifically described the tax proceedings and the sheriff's deed he desired set aside. The answer of defendant and a motion by a subsequent grantee to be let in to defend set forth specifically and correctly the entire tract. An amended petition was filed after the time for redemption had expired correctly describing the whole tract by including a specific description of the omitted 40 acres. *Held,* That the filing of such original petition, the tender of the redemp-

tion money, and the answer defending as to the whole of the land involved in the tax foreclosure, preserved the right to redeem the entire tract.

2. **Appeal in Equity: Motion for New Trial.** Where it is sought to review rulings of the district court with reference to the introduction of evidence made during the trial of a suit in equity, a motion for a new trial must be filed, so that the alleged errors may be called to the attention of that court and an opportunity be given it to correct the same before recourse is had to this court. *Farmers Loan & Trust Co. v. Joseph*, 86 Neb. 256.

3. **Tax Foreclosure: Redemption.** Where the owner of land seeks to redeem from a valid sale under tax foreclosure proceedings to a person other than the plaintiff in the case, the purchaser is entitled to the amount of his bid with 12 per cent. interest thereon. *Butler v. Libe*, 81 Neb. 740, 744.

Appeal from the district court for Holt county: James J. Harrington, Judge. *Affirmed as modified.*

*W. R. Butler*, for appellant.

*F. M. Tyrrell*, contra.

Letton, J.

This is an action to set aside a sheriff's deed, issued in tax foreclosure proceedings, and subsequent conveyances, and to be allowed to redeem from the lien of taxes. The sheriff's deed was dated February 25, 1902. This action was begun in January, 1903. An answer was filed in February of that year, but no further proceedings were taken until April, 1908, when a motion to be let in to defend was filed by one Anna Hookstra, claiming through the title acquired by defendant McGinley, the grantee in the sheriff's deed. She was permitted to answer. The cause came on for trial in December, 1908. After the evidence was taken and the cause submitted, the plaintiff discovered that his petition described only 120 acres of the 160 purchased at the tax sale, and that the deed from Erastus Stevens, under which the plaintiff claims title, also misdescribed the land. Plaintiff was allowed to amend his petition so as to bring in his grantor as defendant, and

to ask for a reformation of the deed. The cause was continued for that purpose. An amended petition was filed setting forth the mistake in the deed from Stevens and praying for its reformation; alleging knowledge by defendant Hookstra of the fact that plaintiff had purchased the 160 acres described in the foreclosure proceedings, but that the deed only conveyed 120 acres of this tract; tendering the taxes due with interest at 12 per cent. from the date of sale, and also offering, if this be found to be insufficient, to pay whatever amount may be found due by the court.

The answer of defendant Hookstra denies that Stevens ever intended to convey or plaintiff to buy the northeast quarter of the northeast quarter of section 28; pleads that the amended petition was not filed until more than eight years after the date of the tax sale, and that the right to redeem the same expired more than six years before the amended petition was filed. As to the other land described in the original petition, the defendant admits that plaintiff is entitled to redeem by paying the taxes and interest, and providing that he pay defendant the amount due upon a mortgage given by a former owner of the land, in 1886, to one Jones. It is also pleaded that by plaintiff's deed he took title subject to the mortgage, which he assumed and agreed to pay; that defendant is the owner and holder of the mortgage and is entitled to the amount due thereon. The reply pleads that whatever right Jones had in the real estate was foreclosed and barred in the tax foreclosure proceedings, and his right to redeem expired two years after the sale; that the right of redemption of all the defendants in the action, except the plaintiff's grantor, Stevens, expired at the same time. At the trial the court reformed the deed from Stevens to plaintiff, found that the plaintiff was entitled to redeem the land from the tax sale upon the payment of $450.15, this sum being made up of $203.62 with interest at 7 per cent. from December 23, 1901, amounting to $136.95, and the further sum of $109.58 for subsequent taxes paid by the defendants

McGinley and Hookstra. No motion for a new trial was filed.

The evidence shows that Brady wrote to Stevens, who lived in Iowa, that there was a foreclosure pending against his land, and after some negotiations Stevens accepted $10 for his equity; that the plaintiff wrote the erroneous description in the deed, that he intended to describe the 160 acres which McGinley purchased, and that about that time he told McGinley he was going to commence an action to redeem the land. The record of the tax foreclosure proceedings shows that the real estate itself was made a party defendant, as well as Stevens, Jones, the mortgagee, and Mary R. Phelps, the assignee of the mortgage.

There are three contentions made by the appellant: First, that the two years allowed for redemption from tax sale had expired as to the 40 acres not described in the original petition before it was brought into the case by the amended petition; second, that the court should have required the plaintiff to tender or pay the amount of the mortgage and interest before permitting redemption; and, third, that the decree is erroneous with respect to the allowance of interest.

An examination of the record discloses a succession of errors. The plaintiff erroneously described the land when he drew the deed from Stevens to himself; another and different error was made in the description set forth in his petition; the decree of the court in describing the land which Stevens sold to Brady, if correctly copied in the transcript, omits one 40-acre tract; and the defendant's attorney, in the abstract, does not set forth the description as shown in the decree, or even as it should be. The 160 acres is properly described in the tax foreclosure proceedings and in the deed to McGinley. In the deed from Stevens to Brady 20 acres is properly described, but the southeast quarter of the northeast quarter of section 28 is included, which the grantor did not own, and the northeast quarter of the northeast quarter of that section, which he did own, was omitted. In the first petition filed, the

plaintiff pleads in detail the tax foreclosure proceedings, and shows that his desire is to set aside the sheriff's deed executed to McGinley.  In the answer, McGinley alleged that he is the owner of the whole 160 acres by virtue of the foreclosure proceedings, describing the land correctly in all respects, and apparently defending as to the entire tract.  This answer was on file when he parted with the title, and when Mrs. Hookstra moved to be made a party defendant.  In this motion she described the 160 acres correctly, and set forth that "McGinley conveyed all his interest in said real estate deeded to him by the sheriff of Holt county, Nebraska," and that this defendant is now the owner and holder thereof.

It is apparent from this review of the proceedings that, when we consider the petition and the answer of McGinley, the redemption of the whole 160 acres was the purpose of the action; that Mrs. Hookstra was aware of this she showed by the recitals in her motion to be let in to defend. She cannot now insist that the 40 acres omitted from the petition by mistake was not involved in the controversy until after the plaintiff's amended petition was filed.  When the issues were first made up the time for redemption had not expired, and the beginning of the action and the tender of redemption money was sufficient to prevent the bar of the statute falling as to the whole tract.

As to the claim that plaintiff should be compelled to pay the mortgage as a condition of redemption: The note and mortgage were not received in evidence, upon objections made by the plaintiff.  No motion for a new trial was filed. Where it is sought to review rulings made during the trial, it is necessary that a motion for a new trial be filed, setting up the alleged errors, so that the attention of the district court may be called to the same and he be given an opportunity to correct any material error before recourse is had to this court for a new trial.  *Farmers Loan & Trust Co. v. Joseph*, 86 Neb. 256.  This complaint, therefore, cannot be considered.

With respect to the amount of interest allowed in the

decree: In a case of this kind, where the owner of land seeks to redeem from what seems to be a valid sale under a tax foreclosure to a person other than the plaintiff in the case, it is his duty, under the statute, to pay the purchaser the amount of his bid with 12 per cent. interest thereon. *Butler v. Libe,* 81 Neb. 740, 744. The plaintiff in his amended petition offers to pay 12 per cent., and it must have been by an oversight that the decree was otherwise.

For these reasons, the judgment of the district court is modified so as to require the plaintiff to pay the amount of the bid with 12 per cent. interest, instead of 7 per cent., and the decree is corrected so that the title of the plaintiff, if he comply with the conditions of redemption, be quieted in the 160 acres described in the tax foreclosure proceedings. In all other respects the judgment of the district court is affirmed.

AFFIRMED AS MODIFIED.

BARNES, ROSE and SEDGWICK, JJ., not sitting.