STATE, EX REL. O. S. SPILLMAN, ATTORNEY GENERAL, V. CITIZENS STATE BANK OF CHADRON: FAY C. HILL, RECEIVER, APPELLEE: JOHN PRITZUSE ET AL., CLAIMANTS, APPELLANTS.

FILED MARCH 1, 1927. No. 25378.

Appeal: MOTION FOR NEW TRIAL. In actions at law, as well as suits in equity, in order that "error of law occurring at the trial" may be considered by this court, it is necessary that the district court's attention must have been called to the same by way of a motion for a new trial.

APPEAL from the district court for Dawes county: ROBERT R. DICKSON, JUDGE. *Affirmed.*

*G. T. H. Babcock, Samuel L. O'Brien,* and *Allen G. Fisher,* for appellants.

*C. M. Skiles* and *E. D. Crites, contra.*

Heard before GOSS, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

PER CURIAM.

In this case the appellants Pritzuse filed a claim with the receiver of the Citizens State Bank of Chadron, appellee, for the sum of $3,800.17, composed of the following items: Taxes paid by them which they claimed should have been

272 NEBRASKA REPORTS. [VOL. 115

State, ex rel. Spillman, v. Citizens State Bank.

paid by such bank by reason of a certain lease, amounting to, with interest, $3,235.17, and rent on building, $565, and asked that the entire amount be allowed as a preferred claim and ordered paid out of the guaranty fund. The receiver refused such allowance, and issues were duly joined in the district court for Dawes county. Trial was had, and judgment rendered allowing the claim as follows: To the extent of $250, the same being in full for rentals and ordered paid out of the guaranty fund, and the remainder, $3,179.10, allowed as a general claim to be paid out of the assets on final distribution, *pro rata* with other general claims, and no more.

At the close of the evidence claimants asked leave to amend their claim so as to include the present worth of the lease covering the above rentals, which lease did not expire, as claimants alleged, until the 1st day of September, 1932, which request was refused, and exceptions taken. To reverse such judgment and ruling of the court, claimants prosecute this appeal.

As to the over-ruling of claimants' request to amend their claim: In order that "error of law occurring at the trial" may be considered by this court, it is necessary, under our uniform holding, that the district court's attention must have been called to the same by way of a motion for a new trial. *Carmack v. Erdenberger,* 77 Neb. 592; *Farmers Loan & Trust Co. v. Joseph,* 86 Neb. 256. This record does not disclose the filing of such motion. Further, such amendments are addressed to the sound discretion of the trial court, and it is only in case of an abuse thereof that error may be predicated thereon. Such an abuse is not shown.

It is also insisted that the judgment is not sustained by the evidence. A careful consideration thereof, in connection with the issues raised by the pleadings, discloses that the amount of rentals collectible, as determined by the trial court, as well as that of taxes paid by claimants covered by the lease, are each fairly supported by the evidence, and

Scotts Bluff County v. First Nat. Bank.

sustained by the pleadings. Further, the evidence is quite conflicting, and in such a case the findings of the trial court are entitled to consideration, such court being advised as to the situation of the parties with respect to the property in question, and having had the opportunity to observe the demeanor of the witnesses at the trial.

The contention of claimants that the obligation on the part of the bank to pay these taxes was assumed by the guaranty fund commission and the receiver, respectively, under the proved facts reflected by the record is without merit, as are also the other alleged errors presented.

The judgment of the trial court is, in all things,

AFFIRMED.