JOHN C. SCHMIDT, APPELLEE, v. AMELIA SCHMIDT, APPELLANT.

FILED JANUARY 16, 1931. No. 27454.

W. B. *Comstock* and *John H. Comstock,* for appellant.

T. F. A. *Williams* and *Perrin & Kier, contra.*

Heard before GOSS, C. J., ROSE, THOMPSON, EBERLY and DAY, JJ.

EBERLY, J.

Plaintiff, the husband of defendant, brought this suit against her for a divorce on the statutory ground of extreme cruelty, charging her, among other things, with unjustifiable conduct and a series of humiliating acts prompted by a stubborn, quarrelsome, irascible, complaining disposition and moody temperament. Among the complaints were protracted displays of ill temper, lack of frankness, and the making of untrue remarks about her husband, and nagging him. As a result of the cruelty pleaded by plaintiff, he alleged his health has been seriously impaired; that he is nervous and is living under unendurable stress and strain, both mental and physical; that his home life and peace are wrecked.

In an answer to the petition, defendant denied the charges of cruelty. The answer contained also a cross-petition, praying for separate maintenance and for other equitable relief.

The trial in the district court resulted in a decree granting plaintiff a divorce. Defendant appealed.

Extreme cruelty is a statutory ground for a divorce. The burden was on plaintiff to prove unjustifiable conduct of his wife, which so grievously wounded his mental feelings, or so utterly destroyed his peace of mind, as to seriously impair his bodily health or endanger his life, or such as utterly destroyed the legitimate ends and objects of matrimony. *Kerker v. Kerker,* 113 Neb. 653.

The parties were married June 1, 1922, and lived together as husband and wife for a number of years. They have no children. Their living expenses were paid from the earn-

598

ings of each. Plaintiff left defendant and refused to live with her. She entreated him in vain to renew with her the relations of husband and wife. The evidence is voluminous. An analysis thereof would not benefit the parties or add anything new to the rules of law and equity. Upon a trial *de novo*, the unanimous finding is that plaintiff did not meet the burden of proof essential to a divorce in his favor. His proof is wholly insufficient to show "extreme cruelty" as that term is used in the statute and defined in our opinions. The evidence fails to show that the unhappy situation in which plaintiff finds himself is the result of his wife's unjustifiable conduct amounting to extreme cruelty. She does not seek a divorce. There should be a decree in her favor for separate maintenance. Considering the earning capacity, the station in life, and the property of each, $50 a month is found to be an equitable allowance for her.

The judgment of the district court is reversed, the petition of plaintiff dismissed and the cause remanded, with instructions to enter a decree in favor of defendant for separate maintenance of $50 a month beginning February 2, 1931, for costs in both courts, and for an attorney's fee of $250. REVERSED.