BENJAMIN F. PITMAN, ADMINISTRATOR OF ESTATE OF JOHN CASTEK, ET AL., APPELLEES, v. EDWIN T. HENKENS: WILHELMINA HENKENS, APPELLANT: FIRST NATIONAL BANK OF CHADRON, APPELLEE.

FILED DECEMBER 8, 1933. No. 28726.

*Fisher & Fisher,* for appellant.

*E. D. Crites* and *F. A. Crites, contra.*

Heard before GOSS, C. J., ROSE and PAINE, JJ., and CARTER and REDICK, District Judges.

GOSS, C. J.

This is an appeal from a decree of foreclosure of three mortgages all made by defendants, Edwin T. Henkens, who held title to the 1,520 acres of land, and Wilhelmina Henkens, his wife. The mortgage declared on by plaintiffs was a first lien in favor of John Castek and Jennie A. Castek. John Castek died and plaintiff, Benjamin F. Pitman, as administrator, with the will annexed, of the estate of John Castek, succeeded legally to John Castek's one-half interest. The other plaintiff, Jennie A. Castek, owned the other half interest in the mortgage. The other two mortgages, constituting subsequent liens, were owned by defendant First National Bank of Chadron. To protect the first mortgage, Pitman purchased a certificate of tax sale. This was included and allowed in the decree. Defendant Edwin T. Henkens took a stay. Wilhelmina Henkens is the only appellant.

The petition alleged that no action at law had ever

been brought for the recovery of the amount represented by the note and mortgage, or tax certificate, nor had the same or any part thereof been paid except interest up to March 1, 1930. Defendant went to trial and tried the cause without specifically attacking any defect in this allegation. On the trial she stipulated: "It is stipulated and conceded to be true by and between the parties that no action at law has ever been had in any court for recovery of the indebtedness secured and represented by this mortgage and note of the plaintiff." The decree found "that no action at law has been had in any court for the recovery of said mortgage indebtedness or any part thereof." Defendant now assigns prejudicial error in that the petition failed to include the statutory words "or any part thereof" in alleging no action at law to recover the debt secured by the mortgage. Comp. St. 1929, sec. 20-2144.

Plaintiffs argue that "the greater includes the less" and that the allegation therefore covered any part of the debt, but ask permission to amend the petition here so as to meet the objection.

Appeals in equity are triable *de novo* in the supreme court. Comp. St. 1929, sec. 20-1925. In furtherance of justice, the court may amend a pleading "by inserting other allegations material to the case, or, when the amendment does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved." Comp. St. 1929, sec. 20-852; *Allertz v. Hankins*, 102 Neb. 202. The power of the supreme court to permit a pleading to be amended to conform to the proof is ordinarily exercised only to sustain a judgment and not to reverse it, unless it appears that a refusal to permit the amendment would cause a miscarriage of justice. *Peterson v. Lincoln County*, 92 Neb. 167; *Berwyn State Bank v. Swanson*, 111 Neb. 141.

We do not decide whether the failure to plead every call of the statute (section 20-2144) makes a petition in foreclosure fatally defective, but, in the furtherance of

justice, the appellees' request to amend the petition is granted and the record is considered as if the amendment were already so made. As the record and evidence are thus considered, defendant has not been prejudiced in the point discussed.

Misjoinder of parties plaintiff is asserted as erroneous. "In an ordinary mortgage foreclosure suit, one holding an interest in the proceeds of the sale by reason of rights possessed by him in the mortgage is a necessary party to such suit." *Webb v. Patterson,* 114 Neb. 346.

Another error assigned is that, because Benjamin F. Pitman was the agent of and received a commission from John Castek for negotiating the loan, and was the notary before whom the first mortgage was acknowledged, and the witness before whom it was executed, and the mortgage being upon the homestead of defendant, the mortgage was void. Plaintiffs' reply to defendant's answer, presenting this plea, was a general denial. Defendant's brief points out no evidence that Benjamin F. Pitman was disqualified to act as a witness or notary and we find none in the record. It does not appear that he was the agent or obtained a commission or had any personal or financial interest in the mortgage when it was executed.

Defendant argues that the suit brought on January 16, 1932, was premature because the $17,000 note, dated March 1, 1927, was by its terms to become due March 1, 1932. Yet it provided that failure to pay $1,020 interest each March 1 made the principal due. The pleadings and evidence showed the interest due March 1, 1931, and taxes unpaid and delinquent, contrary to the terms of the mortgage. The note and mortgage were defaulted for nonpayment. Edwin T. Henkens did not even answer. To this and other claims of error in that the court had no jurisdiction, a negative answer is indicated by the record and evidence.

Numerous errors of law occurring at the trial are claimed. Defendant filed no motion for a new trial. To review errors of law occurring upon the trial of an equity

case, a motion for new trial is necessary. *Farmers Loan & Trust Co. v. Joseph,* 86 Neb. 256; *Hall v. Bowers,* 117 Neb. 619; *State v. Banking House of A. Castetter,* 118 Neb. 231.

Examination of the record and briefs discloses no error prejudicial to appellant. The judgment of the district court is affirmed, with leave to appellant, also extended to her husband, Edwin T. Henkens, to redeem at any time before issuance of the mandate.

AFFIRMED.