JULE ROBINSON, APPELLANT, v. H. F. MEYER ET AL., APPELLEES.

87 N. W. 2d 231

Filed December 27, 1957. No. 34260.

*Spear, Lamme & Simmons,* for appellant.

*Sidner, Lee, Gunderson & Svoboda,* for appellees.

Heard before CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an action for damages for personal injuries sustained in an automobile accident. The jury returned a verdict for the defendants and the plaintiff has appealed from the judgment entered thereon.

The accident occurred on January 20, 1954, at 4:30 a.m., about 1 mile east of Rogers, Dodge County, Nebraska. Plaintiff was riding in an automobile being driven by Fred Schwartzlander in an easterly direction on U. S. Highway No. 30 immediately prior to the accident. He testified that he was riding in the front seat with the driver and was asleep until awakened when the left rear tire went flat. The evidence of plaintiff and Schwartzlander is that the car was stopped partly off the pavement and, at the direction of plaintiff, Schwartzlander drove the car off the pavement onto the shoulder of the highway. They testified that the car was pulled off on the shoulder to the edge of the ditch, leaving the left wheels 1 foot south of the paved portion of the highway.

While plaintiff was loosening the lugs on the left rear wheel he and the car were hit by an automobile coming from the west, causing the injuries for which re-

covery is sought. Plaintiff and Schwartzlander both testified that the front and rear lights of their automobile were burning. They testified also that they had a trouble light hooked up which shown on the rear of their car and on the left wheel on which plaintiff was working.

The automobile which struck the plaintiff was occupied by Betty Meyer and Eileen Sabo, each of whom were about 17 years of age. Betty Meyer was driving. The automobile belonged to H. F. Meyer, the father of Betty. Both girls testified that they were driving east in the right lane of the two-lane highway at a speed of 45 to 50 miles an hour. They testified that they were watching the road and that they did not see the Schwartzlander car standing in the south lane until the moment of the impact. They testified that there were no lights on the standing automobile and that it was in the right lane of the highway on which they were traveling. There was evidence of debris and marks on the pavement from which it could be inferred that the Schwartzlander car occupied approximately the south 3 feet of the paved portion of the highway.

It was still dark when the accident happened. The pavement was dry. The weather was very cold, it being approximately 18 degrees below zero at the time. A strong north wind was blowing. There was no snow on the ground, but some fine snow was swirling about in the wind. All witnesses who were participants in the accident testified that the swirling snow was very light and did not interfere materially with driving visibility. In this connection we point out that there is no contention advanced that the case was not one for the jury.

The plaintiff complains in his brief of certain instructions given by the trial court. The record shows that these questions were not properly raised. In his motion for a new trial the only reference made to the incorrectness of the instructions is the following: "15. The court erred in giving its instructions." It has been the rule in this state, since our decision in McReady

v. Rogers, 1 Neb. 124, 93 Am. Dec. 333, that an exception to all of the instructions is unavailable if any one of them is correct. While it is not necessary that each instruction excepted to in the motion for a new trial be set forth in a separate paragraph, it is necessary that the instructions excepted to be specified in accordance with the rule announced in Klause v. Nebraska State Board of Agriculture, 150 Neb. 466, 35 N. W. 2d 104, and Danielson v. State, 155 Neb. 890, 54 N. W. 2d 56. The foregoing rule, however, does not relieve a party from designating by number the instructions to which exception is taken.

The plaintiff complains of the failure of the trial court to give certain instructions requested by the plaintiff. The motion for a new trial asserts no such error on the part of the trial court. In fact, the transcript of the proceedings in the trial court does not show any proposed instructions which were requested by the plaintiff. It is a fundamental rule that an issue not presented and ruled on by the trial court will not be considered on appeal. Gatchell v. Henderson, 156 Neb. 1, 54 N. W. 2d 227; Reller v. Ankeny, 160 Neb. 47, 68 N. W. 2d 686. The failure of the plaintiff to preserve the alleged error of the trial court in not giving the instructions requested by him prevents the consideration of such claimed error on this appeal.

Assignments of error numbered 2, 3, 4, 5, 7, and 8 assert that the trial court erred in instructing the jury with reference to certain issues in the case. No instructions are specified as being erroneous in the motion for a new trial or in the assignments of error themselves. This court has repeatedly held that instructions not objected to in a motion for a new trial will not be reviewed in this court. Being a court of review, this court will consider on appeal such alleged errors as are properly preserved and submitted to this court.

It is the rule, of course, that the trial court must instruct on the issues in the case which are supported by

evidence without a request therefor. By his assignment of error No. 6, the plaintiff asserts that the trial court should have instructed the jury without request that the defendant Betty Meyer was negligent as a matter of law in failing to keep such a lookout that she could see an obstruction as soon as it was illuminated by her lights, and in driving in such a manner that she was unable to stop to avoid a collision with the Schwartzlander automobile. At no time during the trial did the plaintiff move for a directed verdict against Betty Meyer. He tendered no instruction on the subject. But what is more important still, the matter was not raised in his motion for a new trial in the district court. In other words, the question is raised for the first time on appeal by plaintiff's assignment of error No. 6. This court has consistently held that errors of law occurring at the trial and not made grounds of a motion for a new trial will not be considered on appeal. There are exceptions to this rule such as want of jurisdiction of the court over the subject matter, Gomez v. State ex rel. Larez, 157 Neb. 738, 61 N. W. 2d 345, and the sufficiency of the petition to state a cause of action, Vielehr v. Malone, 158 Neb. 436, 63 N. W. 2d 497. Plaintiff's assignment of error No. 6 does not fall under any exception to the rule. In State ex rel. Spillman v. Citizens State Bank, 115 Neb. 271, 212 N. W. 616, we said: "In order that 'error of law occurring at the trial' may be considered by this court, it is necessary, under our uniform holding, that the district court's attention must have been called to the same by way of a motion for a new trial." By failing to object to and preserve any error with respect thereto, the defendant is ordinarily precluded from raising it for the first time on appeal. As early as Creighton v. Newton, 5 Neb. 100, this court said: "The rule is well settled that 'before a party is entitled to be heard in this court, he must have exhausted his remedy in the court below.' If he is dissatisfied with the verdict or judgment, he must by motion present the

questions of law fairly and fully to the court below, and as no such course has been taken by the plaintiff in the court below, the judgment must be affirmed." In the instant case the plaintiff failed to raise the question in any manner in the district court. There was therefore no error of law occurring at the trial duly excepted to as required by section 25-1142, R. R. S. 1943. He may not do it for the first time in this court.

The defendants assert that the motion for a new trial filed by the plaintiff requires an affirmance of the case under the rule announced in Gunn v. Coca-Cola Bottling Co., 154 Neb. 150, 47 N. W. 2d 397. In that case we reiterated the following rule: "Where a verdict is returned against a plaintiff and in favor of several defendants, on different, distinct, and separate defenses pleaded separately by them, a single joint motion for a new trial against them all is insufficient, and it should be overruled if the verdict is good as to any one of the defendants." While it is not necessary to discuss the application of this rule to the present case in view of the result at which we have arrived, we do think the basis of the rule is unsound and that the rule should be prospectively abrogated.

The rule has been long established and applied. We have come to the conclusion that if there was ever a reasonable basis for its existence it has now disappeared. It appears to be a rule which is highly technical, serving only to entrap the unwary, and to provide an unnecessary pitfall for litigants who bring their causes to this court for review. We therefore abrogate the rule as to all cases tried after the release date of this opinion.

For the reasons stated in the opinion the judgment of the trial court is affirmed.

AFFIRMED.