CARL, THOMPSEN, APPELLANT, V. JANICE MILLER. APPELLEE.
129 N. W. 2d 498

Filed July 3, 1964. No. 35695.

Richard L. Huber, for appellant.

Luebs, Elson, Tracy & Huebner, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BOSLAUGH, J.

This is an action for damages arising out of an automobile accident brought by Carl Thompsen as plaintiff. The jury returned a verdict for the defendant, Janice Miller. The plaintiff's motion for new trial was overruled and he has appealed.

The plaintiff's assignments of error are that the verdict is contrary to the evidence and the law; that the trial court should have instructed the jury that the defendant was negligent as a matter of law; and that the trial court erred in striking the plaintiff's testimony concerning damages for loss of use of his automobile.

In determining the sufficiency of the evidence to sustain the judgment, it must be considered in the light most favorable to the successful party. Enterprise Co., Inc. v. Sanitary Dist. No. One, 176 Neb.. 271, 125 N. W. 2d 712. Every controverted fact must be resolved in his favor and he is entitled to the benefit of every inference that can reasonably be deduced from the evidence.

The accident occurred at about 8 p. m., on August 8, 1959, at an intersection of county roads in York County, Nebraska. The intersection is approximately 5 miles west of Cordova, Nebraska, and approximately 5 miles north of Exeter, Nebraska. The plaintiff was driving his 1957 Buick sedan automobile west from Cordova, Nebraska. The defendant was driving a Chevrolet automobile north from Exeter, Nebraska.

Both roads are graveled and are wide enough to accommodate two lanes of traffic. There are no stop signs or other traffic control signs at the intersection. The intersection is level and there was nothing north or west of the intersection to obstruct the vision of the parties as they approached it. There was a cornfield south and east of the intersection. The corn was

planted up to the edge of the road ditch, was 6 or 7 feet tall, and obstructed the vision of the parties to the south and east as they approached the intersection. The weather was clear and the road was dry.

The plaintiff testified that he was driving at not more than 40 miles per hour and as he approached the intersection he reduced his speed; that he was looking to the south and when his automobile was approximately two car lengths from the center of the intersection he saw the defendant approaching the intersection from the south; that the speed of his car at that time was about 25 miles per hour; that the defendant was then four or five car lengths south of the intersection and traveling at a much faster rate of speed; and that the plaintiff applied his brakes and his car slid forward to the point of impact.

The defendant testified that she was driving about 40 miles per hour and reduced her speed to 35 or 30 miles per hour as she approached the intersection; that when she was three or four car lengths south of the intersection she looked to the right and saw the corn-field; that she did not look to the right again until the front of her car was approaching the center of the intersection; that she then looked to the right and saw the plaintiff one or two car lengths east of the intersection; and that she continued to move forward and did not apply her brakes, speed up, or turn her wheels before the impact.

The impact occurred near the center of the intersection or slightly northeast of the center. The front of the plaintiff's automobile collided with the right side of the automobile operated by the defendant near its center. The plaintiff's automobile came to rest in the road approximately two car lengths west of the center of the intersection and headed to the east. The automobile operated by the defendant came to rest in the north ditch of the road just west of the intersection and headed slightly to the northwest.

The sheriff testified that he was called to the scene of the accident; that he talked with the plaintiff about 45 minutes after the accident had happened; and that the plaintiff estimated his speed at "between 40 and 50." Photographs of the vehicles involved in the accident were taken by the sheriff at the scene of the accident and were received in evidence. The photographs show evidence of considerable damage to the front of the plaintiff's Buick automobile and to the right side of the Chevrolet automobile operated by the defendant.

The evidence shows that both parties were familiar with the road which they were traveling and that each knew that they were approaching a blind intersection. Both parties testified that it was impossible for them to observe each other until they were almost into the intersection. Conditions affecting the visibility of a motorist impose upon a driver the duty to exercise a degree of care commensurate with the existing circumstances. Schwartz v. Hibdon, 174 Neb. 129, 116 N. W. 2d 187.

The fact that the plaintiff approached the intersection to the right of the defendant did not permit him to proceed in disregard of traffic approaching from the left. The rules of the road which are applicable here are stated and discussed in Costanzo v. Trustin Manuf. Corp., 176 Neb. 136, 125 N. W. 2d 556. In this case the jury could find that the plaintiff was contributorily negligent in operating his automobile at an excessive speed and in failing to maintain a proper lookout and reasonable control under the circumstances then existing. The evidence is sufficient to sustain the judgment. The first two assignments of error are without merit.

The plaintiff's third assignment of error relates to the failure of the trial court to instruct the jury that the defendant was negligent as a matter of law. The plaintiff did not request the trial court to direct a verdict in his favor on that issue and did not submit a requested

instruction to that effect. The motion for new trial did not allege error in any of the instructions given by the trial court.

In Robinson v. Meyer, 165 Neb. 706, 87 N. W. 2d 231, this court held that such a question cannot be raised for the first time in this court. In the Robinson case the plaintiff had not requested a directed verdict, tendered an instruction, or raised the matter in the motion for new trial. This court concluded: "In the instant case the plaintiff failed to raise the question in any manner in the district court. There was therefore no error of law occurring at the trial duly excepted to as required by section 25-1142, R. R. S. 1943." The plaintiff's third assignment of error cannot be sustained.

The plaintiff's last assignment of error relates to the sustaining of the defendant's motion to strike the testimony of the plaintiff concerning damages for the loss of use of his automobile. The jury found that the plaintiff had no cause of action against the defendant. Any error in the rejection of evidence on the issue of damages would, therefore, be error without prejudice. Perrine v. Hokser, 158 Neb. 190, 62 N. W. 2d 677.

The judgment of the district court is affirmed.

AFFIRMED.