HAROLD D. BREESE, APPELLANT, V. DUANE NEWMAN ET AL., APPELLEES.

140 N. W. 2d 805

Filed March 11, 1966. No. 36146.

William S. Padley, for appellant.

Russell, Colfer & Frazier, for appellees.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and BRODKEY, District Judge.

BOSLAUGH, J.

This is an action for damages brought by Harold D. Breese as plaintiff. The defendants are Duane Newman, the sheriff of Chase County, Nebraska; Harry Smith, a deputy sheriff of Chase County, Nebraska; and William Gleason, the night marshal of Imperial, Nebraska.

The petition alleged an assault upon the plaintiff by firing at his automobile while he was driving upon U. S.

Highway No. 6 in Chase County, Nebraska. The answer alleged that the plaintiff was operating his automobile at great speed and in a reckless manner; that upon warning, the plaintiff refused to stop or slow down; and that shots were fired at the right front tire of the plaintiff's automobile to cause it to deflate and stop the automobile.

The jury returned a verdict for the defendants. The plaintiff's motion for new trial was overruled and he has appealed. The assignments of error relate to the instructions to the jury and the sufficiency of the evidence to sustain the verdict.

In determining the sufficiency of the evidence to sustain a judgment it must be considered in the light most favorable to the successful party. Thompsen v. Miller, 177 Neb. 530, 129 N. W. 2d 498. Every controverted fact must be resolved in his favor and he is entitled to the benefit of every inference that can reasonably be deduced from the evidence.

There is evidence in this case that the defendant Newman delivered a summons for willful reckless driving to the plaintiff at Wauneta, Nebraska, on August 5, 1964. Shortly thereafter and at about 12:30 p.m., Newman saw the plaintiff drive by the Ford garage in Wauneta at a high rate of speed. Newman estimated the plaintiff's speed to be from 40 to 45 miles per hour. The owner of the Ford garage, who was standing beside Newman when the plaintiff went by, estimated the plaintiff's speed to be in excess of 60 miles per hour.

Newman immediately drove after the plaintiff. Although he traveled at speeds in excess of 100 miles per hour, he was unable to overtake the plaintiff. After Newman had followed the plaintiff for about 3 miles, he radioed ahead for Smith and Gleason to set up a roadblock. Smith and Gleason parked their cars at the intersection of Highway Nos. 6 and 61 approximately ½ mile east of the city limits of Imperial, Nebraska. The cars were parked on Highway No. 61 just off Highway No. 6 and facing to the southeast. Smith's automo-

bile was equipped with a rotary beacon light mounted just behind the windshield. Gleason's automobile was equipped with flashing lights on the bumper. Both of these devices were turned on.

When the plaintiff's automobile was about ½ mile east of the intersection, Gleason and Smith went out on the north lane of Highway No. 6 and waved their arms to signal the plaintiff to stop. Gleason was carrying a Thompson 45 caliber submachine gun. Smith was armed with a revolver.

As the plaintiff's automobile approached the intersection it did not slow down or stop but turned into the south lane of Highway No. 6. Gleason fired a "warning burst" across the path of the automobile as it approached and shot at the tires of the automobile as it went by. Smith shot at the right front tire of the plaintiff's automobile as it went by. The speed of the plaintiff's automobile at that time was estimated to be around 90 miles per hour.

Three bullets struck the right side of the plaintiff's automobile and one bullet passed through the right front tire causing it to deflate. The plaintiff's automobile stopped about 250 yards west of the intersection. The plaintiff was taken into custody and, on the following day, pleaded guilty to two charges of willful reckless driving.

The law of this state requires every sheriff, deputy sheriff, and marshal to arrest and detain any person found violating any law of this state, until a legal warrant can be obtained. § 29-401, R. R. S. 1943. The plaintiff in this case was operating his automobile in an illegal manner in the presence of the defendants, and it was their duty to arrest and detain the plaintiff.

In making an arrest, an officer may use whatever force is reasonably necessary. Reasonable force is generally considered to be that which an ordinarily prudent and intelligent person, with the knowledge and in the situation of the arresting officer, would have deemed necessary

under the circumstances. See, 5 Am. Jur. 2d, Arrest, § 81, p. 768; 6 C. J. S., Arrest, § 13, p. 611. Ordinarily, it is a question of fact for the jury as to whether the force used in making an arrest was reasonable under all of the facts and circumstances.

The parties agree that the offense which the plaintiff was committing in this case was a misdemeanor. The plaintiff relies upon the rule that, generally, an officer has no right to shoot or kill a person who is committing a misdemeanor except in self-defense.

The defendants contend that they did not attempt to shoot or kill the plaintiff but that it was reasonable and necessary under the circumstances that they shoot at the tires of his automobile in an effort to stop it. Upon this basis the trial court submitted the case to the jury.

The plaintiff complains of instructions Nos. 9, 10, 11, and 12. Instruction No. 9 relates to the duty of an officer to notify a person who is to be arrested that the officer intends to make an arrest. The instruction stated that it is sufficient if the intention of the officer is clear to an ordinarily prudent person from the facts and circumstances which existed at the time. The instruction given was correct. See 5 Am. Jur. 2d, Arrest, § 70, p. 756. There was evidence in this case from which the jury could find that it would have been clear to an ordinarily prudent person that the defendants intended to arrest the plaintiff as he approached the intersection of Highway Nos. 6 and 61.

Instructions Nos. 10, 11, and 12 relate to the manner in which the arrest was accomplished. These instructions submitted to the jury the question of whether it was reasonable under all of the facts and circumstances for the defendants to shoot at the tires of the plaintiff's automobile to accomplish the arrest. The plaintiff contends that the instructions were erroneous because an officer has no right to shoot at an automobile in order to arrest a misdemeanant.

We think the better rule is that it is a question for the

jury whether, under all of the facts and circumstances of the case, an officer who fired at the tires of an automobile operated by a misdemeanant used more force than was reasonably necessary to stop the automobile and arrest the misdemeanant. State for Use of Holmes v. Pope, 212 Miss. 446, 54 So. 2d 658. See, also, Hutchinson v. Lott (Fla.), 110 So. 2d 442.

In the Holmes case the Supreme Court of Mississippi said: "In the case at bar the officers were likewise armed with high powered pistols, and if the jury had believed from a preponderance of the evidence that they were firing either at the plaintiff or his car generally and a bullet had either struck the plaintiff, or had struck the car and glanced and hit him, the officer firing the shot would have been guilty of culpable negligence. They would have also been liable for any damage done the car by shooting in that manner, but the jury in the instant case adopted the version of the officers when testifying that they did not shoot either at the plaintiff or at the car generally, but that they aimed the firearm at the rear tires and punctured each of them, and without any intention of injuring either the plaintiff or his automobile except that they shot at a particular place on the car with the view of damaging it only to the extent necessary to bring it to a stop so that they could effect the lawful arrest of the plaintiff.

"In 4 Am. Jur. 139, Sec. 20, it is said that 'The firing of shots to effect the arrest of a lawbreaker with no intention of injuring him, is not an assault and battery where they do not hit him or cause him physical injury.' Of course it is unnecessary that an assault and battery be committed on a plaintiff in order to render a defendant liable for any property damages that may be caused by using more force than would be reasonably necessary to effect his arrest.

"In affirming the judgment rendered on the verdict of the jury in the instant case, based upon what we deem to have been proper instructions as to the law, we do so

because of the facts of this particular case, and not as condoning any reckless or wilful use of firearms in arresting a misdemeanant under different facts and circumstances."

The evidence in this case shows that the plaintiff received a summons requiring him to appear and answer a charge of willful reckless driving. A short time after that he was observed driving at a speed of between 40 and 60 miles per hour upon the streets of Wauneta, Nebraska. The plaintiff was then on the way to Imperial, Nebraska, to answer the summons. He admits that he drove in excess of the speed limit on the trip to Imperial, and there is evidence that he was driving 90 miles per hour when he was within ½ mile of the city limits of Imperial, Nebraska. Although the offense committed was a misdemeanor under the facts and circumstances of this case, it affected the safety and welfare of other persons upon the highway. This was a circumstance that the defendants were entitled to consider.

The use of firearms to stop an automobile is an extreme measure which should be used in only the most serious cases. It involves the safety of persons not otherwise involved in the occurrence. It is fortunate that there were no personal injuries in this case as a result of the firing at the plaintiff's automobile.

The record in this case sustains the judgment of the district court and it is affirmed.

AFFIRMED.