NEBRASKA STATE BUILDING CORPORATION, APPELLANT, V. CITY OF LINCOLN ET AL., APPELLEES.

290 N. W. 421

FILED FEBRUARY 9, 1940. No. 30737.

*Field, Ricketts & Ricketts*, for appellant.

*Clarence G. Miles, Frederick H. Wagener* and *Ralph P. Wilson, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ.

ROSE, J.

This is a proceeding in error to review the action of the board of equalization of Lincoln in determining the value of lots 11 and 12, block 60, original plat of the city, for the purpose of taxation. The real estate described is situated at the southeast corner of O and Fifteenth streets and fronts on O street. There is a five-story brick office building on lot 12 which is 25 feet wide. Lot 11 is east of lot 12 and is also 25 feet wide. On lot 11 there is a two-story brick building, the first floor of which is leased for business purposes and there are living-rooms on the second floor.

Both lots, encumbered by mortgage and tax liens, are owned by Nebraska State Building Corporation, plaintiff. Defendants are the city of Lincoln and members of the city council sitting as a board of equalization.

The assessor fixed the value of the two lots as a unit at $59,500 for the purpose of taxation. Upon complaint by plaintiff that the assessment was excessive and that the actual value of the property did not exceed $30,000, the board reduced it to $52,500. To procure a further reduction, plaintiff took its complaint to the district court by a proceeding in error. The district court affirmed the decision of the board of equalization and plaintiff filed in the office of the clerk of the supreme court a transcript of the proceedings before the board of equalization and also the evidence adduced before that tribunal.

In a formidable argument on values in connection with an analysis of the evidence from the standpoint of plaintiff, counsel insist that no value of lots 11 and 12 in excess of $33,000 can be justified. On the contrary, defendants contend that no reduction can be made because the transcript of the proceedings does not contain a copy of the assessment showing the value fixed by the board of equalization and

that consequently there is no basis for any reduction. This position of defendants does not seem to be well taken. The record shows that plaintiff made a formal demand upon the board for a complete transcript, "including the assessment as made." The record discloses further that the complaint stated the property was valued by the assessor at $59,500 and that the board made a reduction therefrom of $7,000, thus fixing the value of the two lots and the improvements at $52,500. The record for review was so considered at the hearing in the district court and the parties on both sides in the supreme court discuss actual value for the purpose of the assessment. Under the circumstances the immaterial defect in the transcript, attributable as it is to defendants, is not sufficient to require an additional transcript at this stage of the litigation or to prevent a review of the proceedings before the board of equalization.

Is the maximum value of these lots and the improvements thereon $33,000 as argued by plaintiff? Values for the purpose of taxation must be tested by the rules of the statute:

"All property in this state, not expressly exempt therefrom, shall be subject to taxation, and shall be valued and assessed at its actual value. 'Actual value,' as used in this act, shall mean its value in the market in the ordinary course of trade." Comp. St. 1929, sec. 77-201.

The valuation ultimately fixed by the board of equalization is final unless shown by clear and convincing proof to be erroneous. *First Nat. Bank of Blue Hill v. Webster County*, 77 Neb. 813, 815, 110 N. W. 535. According to this standard of measure, the value of the two lots and the buildings thereon as fixed by the assessor and the board is far in excess of actual value and uncontradicted evidence so proves. The building on lot 12 is 50 years old. It has deteriorated in value annually since 1928. It is out of date for an office building or for any other current purpose. It does not produce any net income, but creates an annual deficit to be met by the owners. The assessor himself testified it was "100 per cent. obsolete." The evidence shows conclusively that the lot would be more valuable without

the building. The building, therefore, is an encumbrance on the lot and is a liability instead of an asset. It would cost $7,500, and the materials in the building, to wreck it and clear lot 12. A purchaser for "value in the market in the ordinary course of trade" would contemplate an income from his investment instead of a deficit. The wrecking of the building would therefore become necessary in determining actual value "in the market in the ordinary course of trade." There is convincing evidence that the value of the lot alone, encumbered as it is by the building, has an actual value of $24,000. Deduction of $7,500 therefrom for the cost of clearing lot 12 leaves $16,500, the value of both lot and building for the purpose of taxation.

The building on lot 11 is perhaps 30 years old, but the lot and the building thereon still yield the owners a net income and the building is not a burden or encumbrance on the land. The bill of exceptions contains proper evidence that the lot has a value of $13,000 and the building a value of $7,500 for the purpose of taxation. The sum of the three items, $16,500, $13,000 and $7,500, or $37,000, is therefore the value of both lots and buildings thereon, as they now stand, for the purpose of assessment by the board of equalization. Evidence of greater values has not been found in the record. It follows that the action of the board in reducing the valuation on complaint of plaintiff from $59,500 to $52,500 only, was erroneous. On this review it is reduced on lots 11 and 12 and buildings to $37,000 and the assessment likewise reduced.

JUDGMENT ACCORDINGLY.