EPPLEY HOTELS COMPANY, APPELLANT, V. CITY OF LINCOLN ET AL., APPELLEES.

293 N. W. 234

FILED JUNE 28, 1940. NOS. 30764, 30765.

*Hotz & Hotz,* for appellant.

*Clarence G. Miles, Frederick H. Wagener* and *Ralph P. Wilson, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER and MESSMORE, JJ.

ROSE, J.

This is a proceeding to review the action of the board of equalization of the city of Lincoln in determining for the purposes of taxation the value of the Lincoln Hotel property and the value of the Capital Hotel property owned by the Eppley Hotels Company, plaintiff. The assessments in controversy were levied for the years 1937 and 1938.

Defendants are the city of Lincoln and the city council sitting as a board of equalization.

The Lincoln Hotel, a 6-story building situated at the

southwest corner of Ninth and P streets on lots 1 to 7, inclusive, block 44, original city of Lincoln, and the hotel equipment, were valued by the city assessor for the year 1937 as follows: Land, $45,000; improvements, $232,950; personal property in hotel, $28,000; 2-story building on lot 8, same block: Land, $6,000; improvements, $8,300; total, $320,250.

The Capital Hotel, an 11-story building situated at the southwest corner of Eleventh and P streets on lots A and C, block 42, original city of Lincoln, and the hotel equipment, were valued by the city assessor for the year 1937, as follows: Land, $44,900; improvements, $246,400; personal property in hotel, $28,000; total $319,300.

On complaints before the board of equalization that these estimates of values were excessive, evidence was adduced by both sides and resulted in a decision in which the valuations of the city assessor were approved. Assessments conforming thereto were levied and plaintiff took its complaints to the district court by petition in error where the cause was heard on a transcript of the proceedings and a bill of exceptions containing the evidence before the board of equalization. The district court found there was no error in the proceedings of the board and affirmed its decision. For the purposes of review in the supreme court, plaintiff filed in the office of the clerk a transcript of the proceedings before the board of equalization and also the evidence adduced before that tribunal.

Values of the hotel properties, both real and personal, for purposes of taxation, are difficult problems presented by the record for determination. On the issues of values, there is a wide divergence of opinions between plaintiff's witnesses, who do not agree among themselves, and witnesses for defendants. It is clear, however, that the values fixed by the assessor, a capable and conscientious officer, are excessive and cannot be permitted to stand, for reasons hereinafter stated. The questions at issue must be determined by evidence conforming to the statutory rule which follows:

"All nonexempt property in Nebraska is subject to taxation and for that purpose must be valued at its 'actual value,' which means 'its value in the market in the ordinary course of trade.'" Comp. St. 1929, sec. 77-201; *Nebraska State Bldg. Corporation v. City of Lincoln,* 137 Neb. 535, 290 N. W. 421.

For proof that the values found by the assessor were excessive and erroneous, plaintiff relies on evidence and opinions of seven witnesses. In testifying to the values of the Lincoln Hotel properties for the year 1937, the estimates of these witnesses varied from $25,000 to $35,000 on the land; from $75,000 to $125,000 on the improvements or buildings; from $5,000 to $22,500 on the equipment or personal property in the hotel. Among these witnesses were hotel builders, hotel owners, hotel salesmen, hotel operators, experts in hotel values. One as receiver in bankruptcy had formerly sold the Lincoln Hotel to plaintiff. Others had managed it for a time. Each had qualified himself to testify to values. Eugene C. Eppley, president of Eppley Hotels Company, plaintiff, and manager of 19 hotels, including the Lincoln, placed a higher value on the land occupied by it than the other witnesses who testified in his behalf. The evidence does not disclose personal interests discrediting the testimony of these witnesses.

Reasons for discrepancies between values found by the assessor and values estimated by plaintiff's witnesses were explained by the latter in their testimony. Among those reasons are the following: Lincoln Hotel building 50 years old and not adapted to present demands; not suitable for other purposes; building out of date; rooms antiquated with plumbing exposed; radiators tipped; floors uneven; elevators, windows, doors, staircases, roof, boiler rooms, engine rooms obsolete; city moving away from hotel and consequent loss in ground-floor rentals; travel by automobile diverts public and trade to newer hotels in better locations; values decreased by new competition; hotel not now on any main line of travel; arterial highways draw traffic and trade away from Lincoln Hotel; operating loss

in 1937, $29,222.47. The effects of deterioration and changed conditions on values are explained in the evidence.

The city assessor was familiar with an expert's audit of values procured by plaintiff in 1934, showing net values of the Lincoln Hotel properties to be $902,244.63, but that was an audit of book values for the year 1933, was not an audit of "actual value," which means "value in the market in the ordinary course of trade," nor an audit conforming to the statutory standard of values for the purposes of taxation for the year 1937. The audit was of little, if any, probative effect as evidence on the issue before the board of equalization. The estimates of the city assessor and of the witnesses who agreed with him did not conform to proper standards of values for the purposes of this proceeding. The clear preponderance of the evidence proves that the values found by the city authorities are erroneous and in excess of actual values in the market in the ordinary course of trade.

The final judgment will not be directed on this appeal. Owing to the wide discrepancies between the values determined by the assessor and the opinions of the experts who testified on behalf of plaintiff, in view of the unsatisfactory and inconclusive evidence adduced by defendants, the judgment is reversed and the cause remanded to the district court for further proceedings at the costs of the city of Lincoln.

REVERSED.