BEEBE & RUNYAN FURNITURE COMPANY, APPELLEE, V. BOARD
OF EQUALIZATION OF DOUGLAS COUNTY, APPELLANT.

296 N. W. 764

FILED MARCH 7, 1941. No. 30973.

*James T. English, Paul J. Garrotto* and *Oscar T. Doerr*, for appellant.

*Sidney W. Smith, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, CARTER, MESSMORE and YEAGER, JJ.

MESSMORE, J.

This is a proceeding to review the action of the board of equalization of Douglas county, Nebraska, in that the value placed on plaintiff's property for assessment purposes is unjust and in excess of the legal and proper value thereof for taxation purposes.

The plaintiff owns lots 1, 2, 3 and 4, in block E, of the original plat of the city of Omaha, consisting of a warehouse of brick exterior, mill construction, six stories in height and two basement stories, containing the warehouse and offices. On part of lot 1 is a one-story building, 66 by 22 feet, used as a boiler room. The balance of said lot is vacant, used for trucking, loading and receiving freight. Comparison is made with reference to the limited purposes of use to which the building may be put, as compared with

modern construction for warehouse use. The fact that industrial properties in the city have been depreciating in value is likewise stressed. The property was assessed for the year 1939 by the county assessor; the land at $39,190 and assessed valuation of improvements at $95,010.

The plaintiff filed a complaint with the board of equalization, complaining that the assessment for the year 1939 was too high, and offered a proposed reduction as follows: Land $24,392, improvements $63,124, total $87,516. The county board of equalization dismissed the complaint. Appeal was taken by plaintiff to the district court. The evidence in the district court in behalf of plaintiff discloses that witnesses, properly qualified and experienced in the real estate business, acquainted with wholesale properties, sales and values thereof, over a period of from 21 to 34 years, fixed the valuation as follows: One witness, land $29,600, improvements $73,400, total $103,000; another witness, land $34,840, improvements $65,160, total $100,000; another witness fixed the value of the land at $34,484. Of the defendant's witnesses, properly qualified to testify, one fixed the value of the building at $125,350; another fixed the value of the land at $37,026 and the improvements at $125,-640, a total of $162,666; and another, land $34,848, improvements $120,000, total $154,848. The court decreed the value of the land to be $24,393, the improvements at $67,121, total $91,514.

The defendant offered the testimony of the county assessor, who had held office since January, 1939, or for a period of about 13 months. In addition, his experience consisted of 22 years of continuous service in different capacities in the office of assessor, including deputy assessor. During the years of his service he inspected and appraised all kinds of property in Douglas county, including farm, residential, retail and wholesale business property and had kept in touch with the realtors of the city as to the market or actual value of real estate. The assessor had inspected the property in question several times, was acquainted with and knew the type of construction of the building and of

its present condition and its location, the dimensions of the land in question and the value of land and buildings, used for wholesale purposes, in the immediate neighborhood. After laying this foundation, plaintiff interposed an objection, which was sustained by the court, and the county assessor was not permitted to testify. The defendant contends that such ruling of the trial court constitutes prejudicial error. Had the assessor been permitted to testify, he would have fixed the value of the property as follows: Land $55,756, building $134,750, total $190,506. The plaintiff's objection to the assessor's qualifications to testify is that he had never bought or sold real estate, and his mere badge of office was insufficient to qualify him.

The test as to the qualifications of a witness to testify as to the market value of land, as disclosed by a multitude of cases, is that a witness is qualified to testify to such value if he has had an opportunity to form a correct opinion as to its value. It is not essential that the witness should have bought or sold land in the vicinity. See Jones, Evidence (2d ed.) 485, sec. 387.

Several sections of the Nebraska statutes, in defining the duties of a county assessor, give him direct charge and full control over the assessment of property in the county, both real and personal, by and through assessors appointed by him. Section 77-1609, Comp. St. Supp. 1939, requires the county assessor to "revise annually the real estate assessment for the correction of errors, * * * to set off and apportion to each its just and equitable portion of the assessed valuation, shall have general supervision over and direction of the assessment of all property in his county," etc.

This court in *State v. Dodge County,* 20 Neb. 595, 31 N. W. 117, said: "The assessor is required to ascertain the value of each tract of land assessed by him, not by hearsay, not by calling witnesses, but by actually viewing the land itself." The evident object of the statute is to enable the assessor to fix the true value of the land.

This court has, on several occasions, decided that the

qualification of experts to testify is largely within the sound discretion of the court. However, where an expert witness, in qualifying to testify, discloses the experience and knowledge of the subject about which he proposes to testify, as is shown by this record, the court, in refusing to permit such witness to so testify, commits an abuse of sound discretion, constituting prejudicial error.

The wide discrepancy in values in this case is obvious, ranging from $87,000 to $190,000. This court in *Eppley Hotels Co. v. City of Lincoln,* 138 Neb. 347, 293 N. W. 234, reversed and remanded the case, where the evidence with reference to values was at such variance that a fair and just assessment was impossible. In addition, in the instant case, the trial court and this court have not had the benefit of the county assessor's testimony, which should be of assistance to the court in determining a legal and proper value for assessment purposes.

The judgment is reversed and the cause remanded to the district court for further proceedings.

REVERSED.