AURORA HOTEL, INC., APPELLEE, V. BOARD OF EQUALIZATION OF HAMILTON COUNTY ET AL., APPELLANTS.

300 N. W. 419

FILED OCTOBER 24, 1941. No. 31200.

*Dallas S. Gibson* and *Kirkpatrick & Dougherty,* for appellants.

*Charles F. Adams, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

YEAGER, J.

This is an appeal from the judgment of the district court for Hamilton county, Nebraska, wherein the action of the board of equalization of Hamilton county in fixing the valuation of lots 13, 14, 15 and 16, block 24 of the original town, now a part of the city of Aurora, and the improvements thereon, was reviewed. The real estate in question is the property of Aurora Hotel, Inc., a corporation, appellee herein.

The real estate was assessed by the county assessor for the year 1940 at, land $3,750, improvements $5,250, total $9,000. Appellee herein appeared before the board of equalization and obtained a reduction from $9,000 to $8,750. From this action appellee appealed to the district court, where it alleged that the value of the entire real estate was $1,500. The case was duly tried and the value fixed at $4,375. From this judgment of the district court the board of equalization of Hamilton county, Nebraska, and Hamilton county have appealed. They will be hereinafter referred to as appellants.

As grounds for reversal the appellants urge that (1) the evidence is insufficient to sustain the judgment, (2) the

court erred in its limitation placed on certain cross-examination, (3) the court erred in permitting certain witnesses to express opinions as to value of the real estate, and (4) the court erred in the assessment of the value of the real estate.

To all intents and purposes the case was tried entirely on the evidence adduced by appellee. It furnished the only information as to the value of the real estate. The appellee called J. A. Isaman, a licensed real estate broker and dealer in real estate, who had lived in Hamilton county for 67 years, and who was familiar with this property. He gave his opinion that the property was of the value of $3,000. Frank E. Edgerton, a lawyer, resident of the county for 25 years, a licensed real estate broker, owner and dealer in real estate, fixed its value at from $3,000 to $3,300. L. T. Johnson, licensed dealer in real estate and insurance, fixed the value at from $3,500 to $4,000. George Young, a licensed real estate broker who had lived in Aurora for 7 years, fixed the value at $3,000. J. H. Grosvenor, resident of Aurora for 42 years, lawyer and licensed real estate broker, fixed the value at approximately $3,200, not to exceed $3,300. P. J. Refshauge, a resident of Aurora for 22 years, a licensed real estate broker and engaged in real estate, insurance, abstract and loan business, fixed the value at $4,000. After the introduction of this evidence of the witnesses and a view by the trial judge, a judgment fixing the value at $4,375 was rendered. The judgment was $375 in excess of the highest value placed on it by any witness.

The effect of the contention of appellants is that this evidence is insufficient to sustain the judgment of the district court for the reason that the witnesses were incompetent to express opinions as to value, thus making necessary the acceptance of the valuation fixed by the board of equalization under the rule of law that the assessment for the purposes of taxation as ultimately fixed by the board of equalization is final, except upon appeal to the district court, and should not be disturbed on such appeal unless

it appears from clear and convincing proof that it is erroneous. *First Nat. Bank of Blue Hill v. Webster County,* 77 Neb. 815, 113 N. W. 190; *Kennedy v. Buffalo County,* 134 Neb. 744, 279 N. W. 464. With this contention we cannot agree.

As a general rule of law, the competency of a witness to testify as an expert rests largely in the sound discretion of the trial court whose rulings will not be reversed unless clearly erroneous. *Schmuck v. Hill,* 2 Neb. (Unof.) 79, 96 N. W. 158; *Jensen v. Palatine Ins. Co.,* 81 Neb. 523, 116 N. W. 286; *Beebe & Runyan Furniture Co. v. Board of Equalization,* 139 Neb. 158, 296 N. W. 764.

An illustration of the application of this rule is found in the recent case of *Wahlgren v. Loup River Public Power District,* 139 Neb. 489, 297 N. W. 833. In that case, as disclosed by the opinion, this court held that it was error to exclude opinions as to value of real estate by witnesses who showed a lesser degree of familiarity with the real estate there involved than is shown by witnesses in the case at bar with regard to the real estate in question here.

It is true that the case of *Wahlgren v. Loup River Public Power District, supra,* related to condemnation and this to assessment for taxation, but each had as a basis valuation, the fixation of which depended on the testimony of competent expert witnesses. The rule applicable to one is equally applicable to the other.

It is claimed that the court unduly restricted the cross-examination of the witness P. J. Refshauge, in that he was not permitted to answer questions with reference to a loan made upon this real estate, and with reference to a policy of insurance on the improvements. The extent, course and scope of cross-examination rests within the discretion of the trial court, and it will not be reviewed unless there has been an abuse of such discretion. *Peterson v. State,* 63 Neb. 251, 88 N. W. 549. Also, under section 20-853, Comp. St. 1929, a violation of the strict rule of cross-examination will not be considered ground for reversal unless it clearly results in prejudice to the substantial

rights of the party complaining. *Brooks v. Thayer County,* 126 Neb. 610, 254 N. W. 413; *Manley State Bank v. Spangler,* 130 Neb. 196, 264 N. W. 459.

This restriction of cross-examination could not have resulted in prejudice to the substantial rights of the appellants. The appellants offered no competent evidence of value. This witness fixed a value which was not in excess of the values fixed by other competent witnesses who were in no wise restricted, and the court fixed in its judgment a value in excess of that testified to by all of the witnesses, presumably based on the testimony and a personal inspection by the trial judge. As to this excess appellee has not complained by cross-appeal and the appellants have no ground for complaint, the appellee on the trial of the case having made a *prima facie* case in its favor.

The burden was on the appellee to establish *prima facie* the value of the real estate involved herein and, the appellants not having adduced any proof as to the value, all of the facts which the evidence on behalf of appellee tended to prove will be treated as established for the purpose of a *prima facie* case in favor of appellee. *Thamann v. Merritt,* 107 Neb. 602, 186 N. W. 1003; *Manley State Bank v. Spangler, supra.*

The judgment of the district court is

AFFIRMED.