ERNEST C. WELLER, APPELLEE, V. VALLEY COUNTY ET AL., APPELLANTS.

2 N. W. (2d) 606

FILED FEBRUARY 20, 1942. No. 31305.

*John P. Misko,* for appellants.

*Davis & Vogeltanz, contra.*

Heard before SIMMONS, C. J., ROSE, PAINE, CARTER, MESSMORE and YEAGER, JJ.

YEAGER, J.

This is an appeal by the county of Valley, Nebraska, the board of equalization of Valley county and board of county supervisors of that county, defendants and appellants, from the judgment of the district court for that county fixing the value of certain lands owned by Ernest C. Weller, plaintiff and appellee, on appeal from the action of the county board of equalization. The county being the party defendant and appellant in interest, for the further purposes of this opinion no further reference will be made to the other parties defendant.

The lands had been regularly assessed at a valuation of $18,400 for the year 1940. From this assessment the plaintiff made complaint to the county board of equalization. His complaint was dismissed by the board, whereupon he prosecuted his appeal to the district court where, after trial to

the court, judgment was entered reducing the value of these lands to $10,000. It is from this judgment that the appeal herein is taken.

After the appeal was docketed and transcript filed in this court, motion was made by the appellee to dismiss the appeal; first, on the ground that motion for new trial had not been filed within the three days provided by statute for that purpose (Comp. St. 1929, sec. 20-1143), and, second, that the bill of exceptions had not been settled, allowed and certified by the district judge.

The first stated ground is without merit in the light of the statutes and decisions of this court. Section 77-1705, Comp. St. 1929, provides in part as follows with reference to appeals from boards of equalization: "The court shall hear the appeal as in equity and without a jury * * *." Section 20-1925, Comp. St. 1929, provides as follows: "In all appeals from the district court to the supreme court in suits in equity, wherein review of some or all of the findings of fact of the district court is asked by the appellant, it shall be the duty of the supreme court to retry the issue or issues of fact involved in the finding or findings of fact complained of upon the evidence preserved in the bill of exceptions, and upon trial *de novo* of such question or questions of fact, reach an independent conclusion as to what finding or findings are required under the pleadings and all the evidence, without reference to the conclusion reached in the district court or the fact that there may be some evidence in support thereof."

Under the rule that equity cases are triable *de novo* on appeal, the only purpose of a motion for new trial is to call attention of the court to errors occurring during the trial or on the ground that new evidence has been discovered. This must be done within three days, except for newly discovered evidence, before such errors may be considered by the supreme court. For other errors motion for new trial is unnecessary. *Ogden v. Garrison,* 82 Neb. 302, 117 N. W. 714; *Farmers Loan & Trust Co. v. Joseph,* 86 Neb. 256, 125 N. W. 533; *Douglas County v. Barker Co.,* 125 Neb. 253, 249 N. W.

607; *Pitman v. Henkens,* 125 Neb. 621, 251 N. W. 282; *Sutherland v. Sutherland,* 132 Neb. 558, 272 N. W. 549.

On the second question it is true that, at the time of making the motion to dismiss, the bill of exceptions had not been filed in the district court. It has now been properly filed and certified so this objection is no longer of importance.

In the light of the rulings on the motion to dismiss the appeal there are but two assignments of error which require consideration. The appellant urges that the decision is not sustained by the evidence and that it is contrary to law.

All necessary formalities were complied with in presenting the case to the district court.

On the trial the appellee called numerous witnesses. These witnesses variously valued the land at from $8,500 to $12,357. Most of them fixed the value below $10,000. The appellant called but one witness on the question of valuation, who fixed the value at $12,800. On the basis of this evidence the court fixed the value of the lands at $10,000.

It is this evidence that the appellant asserts does not as a matter of law support the finding and judgment in this case. In support of its position appellant cites the rule announced in *Meridian Highway Bridge Co. v. Cedar County,* 117 Neb. 214, 220 N. W. 241. There it was stated: "The sound discretion reposed in the board of equalization to hear and determine the valuation of property will not be disturbed by this court, unless so manifestly wrong that reasonable minds cannot differ thereon." This rule, if proper in any case, has no application here. All witnesses who testified valued the lands below the value fixed by the board of equalization, and we must assume that they were men having reasonable minds.

The rule applicable here is announced in *Western Union Telegraph Co. v. Dodge County,* 80 Neb. 23, 117 N. W. 468. There it is stated: "Where a taxpayer appeals from the action of the board of equalization in fixing the value of his property for taxation, the burden is upon the ap-

pellant to show that the action of the board is erroneous." The same authority holds that there is a presumption that a board of equalization has faithfully performed its official duties, and that in making an assessment it acted upon sufficient competent evidence to justify its action. See, also, *State v. Savage*, 65 Neb. 714, 91 N. W. 716; *Hatcher & Co. v. Gosper County*, 95 Neb. 543, 145 N. W. 993; *Kennedy v. Buffalo County*, 134 Neb. 744, 279 N. W. 464.

The presumption obtains only while there is an absence of competent evidence to the contrary. It disappears when there is competent evidence on appeal to the contrary, and from that point on the reasonableness of the valuation fixed by the board of equalization becomes one of fact based upon evidence, unaided by presumption, with the burden of showing such value to be unreasonable resting upon the appellant on appeal from the action of the board. This court so held substantially in *Lancaster County v. Whedon*, 76 Neb. 753, 108 N. W. 127, and *Western Union Telegraph Co. v. Dodge County, supra*.

No rule of law has been cited or found that would justify this court in overturning or overriding the judgment and decision of the district court in the case at bar.

The evidence, it is true, is conflicting, but it is clear from all of the evidence that the valuation fixed by the board of equalization was excessive. It is equally clear that the appellee has sustained the burden of showing that the lands in question did not exceed the value of $10,000.

The judgment of the district court is

AFFIRMED.