BEN NOVAK ET AL., APPELLANTS, V. BOARD OF EQUALIZATION OF DOUGLAS COUNTY, APPELLEE.

17 N. W. 2d 882

FILED FEBRUARY 23, 1945. No. 31892.

*Joseph B. Fradenburg,* for appellants.

*Kelso A. Morgan* and *Joseph D. Houston, contra.*

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL and WENKE, JJ.

MESSMORE, J.

June 14, 1944, plaintiffs filed complaint to the assessment for taxation for the year 1944 upon property located at 2019-2025 Farnam street, Omaha, before the board of equalization of Douglas county, Nebraska, alleging that such assessment was too high. The county assessor assessed the land at $15,000, and the improvements at $9,000, total $24,-000. Plaintiffs requested a reduction on the land to $9,000, and on the improvements to $5,000. Complaint was also filed to assessment of property, located at 2036 Farnam street, plaintiffs requesting a reduction on the improvements from $6,000 to $4,200. The complaints were dismissed. An appeal was taken to the district court. The petition filed therein reiterated the allegations of the complaints. The answer was a general denial. On trial in the district court, plaintiffs' appeals were dismissed as to both causes of action; motion for a new trial was filed and overruled, and plaintiffs appeal.

Section 77-201, R. S. 1943, provides: "All property in this state, not expressly exempt therefrom, shall be subject to taxation, and shall be valued and assessed at its actual value."

"Actual value" means value in the market in the ordinary course of trade. R. S. 1943, sec. 77-112. The issue presented is the actual value of the two properties involved. The errors relied upon for reversal are that the decree is not sustained by the evidence and by the law.

The record discloses that the property at 2019-2025 Farnam street was purchased by the plaintiffs through a real estate agency at its solicitation in July, 1942, for $20,000, such being the best obtainable price after 13 months' endeavor on the agency's part to dispose of the property. The land and improvements are described in detail, and there is little discrepancy in the descriptions given by the parties. Defendant's evidence, given by two experienced real estate dealers, now employed in the county assessor's office, whose duties are to inspect and appraise property for assessment, is based on their opinion of the location of the building, the

time, kind and type of construction, the rental value, business activity in that part of the city and the value of the land upon which the building stands in the business district. From their examination of and acquaintance with the property, they fixed the actual value at $34,000 or $35,-000. While there are other elements in the evidence in connection with the property, we deem it unnecessary to relate this evidence.

With reference to the property designated as 2036 Farnam street, from the record we conclude that the plaintiffs' contention for a reduction on the improvements is without merit and needs no discussion.

Plaintiffs rely on the purchase price as constituting the actual value and cite authority from foreign jurisdictions and texts, to the effect that purchase price constitutes the fair market value of property. It is true that the purchase price of property may be taken into consideration in determining the actual value thereof for assessment purposes, together with all other relevant elements pertaining to such issue; however, standing alone, it is not conclusive of the actual value of property for assessment purposes, and many other matters relevant to the actual value of property appear in the record and must be considered in connection with the purchase price to determine the actual value.

"The assessment of property for the purpose of taxation as ultimately fixed by the board of equalization is final, except upon appeal to the district court, and should not be disturbed on such appeal unless it appears from clear and convincing proof that it is erroneous." *First Nat. Bank of Blue Hill v. Webster County,* 77 Neb. 815, 113 N. W. 190.

We conclude that the decree of the district court was correct in dismissing the plaintiffs' appeals.

AFFIRMED.