In re Appeal of Watson Industries, incorporated, from the Dodge County Board of Equalization.
Watson Industries, incorporated, appellee, v. County of Dodge et al., appellants.
In re Appeal of the Christensen Lumber and Coal Company, Alfred F. Christensen, sole owner, from the Dodge County Board of Equalization.
The Christensen Lumber and Coal Company, appellee, v. County of Dodge et al., appellants.

66 N. W. 2d 589

Filed November 12, 1954. Nos. 33569, 33570.

*Forrest A. Johnson,* for appellants.

*Richards, Yost & Schafersman,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

Here are two appeals from judgments of the district court entered after trial in review of the action of the Dodge County board of equalization in fixing the valuation of properties of the appellees respectively herein. The two cases were tried together in the district court and presented together in this court and they will be disposed of here in a single opinion. The appellants here are Dodge County and the Dodge County board of equalization. They will hereinafter be referred to as the county. The appellees are Watson Industries, Incorporated, and The Christensen Lumber and Coal Company, Alfred F. Christensen, sole owner. They will be hereinafter referred to respectively as Watson and Christensen.

The sequence of events necessary to be related here leading to the review in this court are that the Dodge County board of equalization duly fixed the value of certain personal property of Watson for the year 1953 at $62,000. It also fixed the value of certain personal property of Christensen at $45,710.

From this action of the board Watson and Christensen appealed to the district court. After trial the district court adjudicated the value of the Watson property to be $24,101, 50 percent thereof being $12,050.50, and the value of the Christensen property to be $12,031, 50 percent thereof being $6,015.50.

The county has brought these cases to this court for review on appeal. It contends that the district court erred in reducing the valuations and in failing to sustain those fixed by the Dodge County board of equalization.

On the trial in the district court Watson and Christensen produced two witnesses who gave competent evidence of probative value as to the value of the properties which were the subject of the assessment. The county adduced no evidence whatever the effect of which was to competently evaluate these properties.

Three rules for the guidance of the court when the valuation of the county board of equalization is put in issue on appeal, all contained in Weller v. Valley County, 141 Neb. 69, 2 N. W. 2d 606, are the following:

"The presumption obtains that a board of equalization has faithfully performed its official duties, and that in making an assessment it acted upon sufficient competent evidence to justify its action."

"In case of an appeal by a taxpayer from the action of the board of equalization in fixing the value of property for taxation, the burden is upon the appellant to show that the action of the board is erroneous."

"The presumption that a board of equalization in making an assessment acted upon sufficient competent evidence to justify its action disappears when there is competent evidence on appeal to the contrary, and from that point on the reasonableness of the valuation fixed by the board becomes one of fact based upon evidence, unaided by presumption, with the burden of showing such value to be unreasonable resting upon the appellant."

The evidence of Watson and Christensen was clearly sufficient to overcome the presumption that the board of equalization in making the assessments acted upon sufficient competent evidence to justify its action.

In this light resort may be had only to the evidence

of Watson and Christensen to determine the proper value of the properties in question.

The properties were buildings and equipment upon real estate belonging to the Union Pacific Railroad. The leases contained provision for their termination by either party on 30 days' notice. There was no evidence of prospect of early exercise of the right to terminate the leases or either of them.

In view of the provision for termination in the leases the witnesses for Watson and Christensen gave evidence of two values to the property of Watson and also to the property of Christensen. They testified that the reasonable value of the Watson properties on owned land was $47,073, but under the lease with the termination provision it was $24,101, and that the reasonable value of the Christensen properties on owned land was $24,061, but under the lease was $12,031.

The trial court accepted the latter or lower valuations and adjudicated accordingly. In this we think the court was correct. In the light of the legal rules cited and the fact, as pointed out, that no evidence was offered by the county in refutation of the evidence of appellees, their evidence must be accepted as controlling. There was no presumption and no other evidence to which the district court could have resorted for a basis for its finding and judgment.

The decrees of the district court are accordingly affirmed.

AFFIRMED.