ROSELLE AHERN, APPELLEE AND CROSS-APPELLANT, V. BOARD OF EQUALIZATION OF THE COUNTY OF RICHARDSON, STATE OF NEBRASKA, APPELLANT AND CROSS-APPELLEE.

71 N. W. 2d 307

Filed July 1, 1955. No. 33773.

*Henry F. Schepman* and *Archibald J. Weaver*, for appellant.

*F. A. Hebenstreit*, for appellee.

Heard before SIMMONS, C. J., CARTER, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ., and FLORY, District Judge.

YEAGER, J.

This action is an appeal by the Board of Equalization of the County of Richardson, Nebraska, defendant and appellant, from the judgment of the district court fixing the value for taxing purposes of certain real estate belonging to Roselle Ahern, plaintiff and appellee, and a cross-appeal of the plaintiff from the same judgment.

The background of the action is as follows: At the time for the regular assessment of real estate the plaintiff was the owner of the real estate in question. The actual valuation placed upon it by the county assessor was $14,390. The value for taxation became and was fixed by the assessor at one-half of that amount or $7,195. From this valuation the plaintiff appealed to the board of equalization. The board confirmed the assessment made by the assessor. From the action of the board the plaintiff appealed to the district court.

The action was tried in the district court where the judgment was rendered from which the appeal and the cross-appeal were taken to this court. By that judgment the value of the property was reduced from $14,390 to $12,500 which of course effectuated a value for taxation purposes of $6,250.

Both parties filed motions for new trial which were overruled.

The appeal, as the parties agree, presents alone the determination of the true value of this property for the

purposes of taxation. The defendant says that the value placed upon it by the assessor and confirmed by the board of equalization should be restored, and on the other hand the plaintiff urges that it should be reduced below the value fixed by the judgment of the district court.

The proper determination of this question depends upon the facts as disclosed by the record and the applicable legal principles.

One principle is that all nonexempt property in Nebraska is subject to taxation and for that purpose must be valued at its actual value, which means its value in the market in the ordinary course of trade. See, § 77-201, R. S. Supp., 1953; Nebraska State Bldg. Corp. v. City of Lincoln, 137 Neb. 535, 290 N. W. 421; Eppley Hotels Co. v. City of Lincoln, 138 Neb. 347, 293 N. W. 234.

One principle is that ordinarily the valuation by the assessor is presumed to be correct, however if the assessor does not make a personal inspection of the property, but accepts valuations thereof fixed by a professional appraiser, the presumption does not obtain, and in such case the burden is upon the protesting party to prove that the assessment is excessive. See Gamboni v. County of Otoe, 159 Neb. 417, 67 N. W. 2d 489.

Another principle is that the presumption obtains that a board of equalization has faithfully performed its official duties, and in making an assessment it acted upon sufficient competent evidence to justify its action. See, Weller v. Valley County, 141 Neb. 69, 2 N. W. 2d 606; Watson Industries v. County of Dodge, 159 Neb. 311, 66 N. W. 2d 589; Gamboni v. County of Otoe, *supra*.

Still another principle is that the presumption that a board of equalization in making an assessment acted upon sufficient competent evidence to justify its action disappears when there is competent evidence on appeal to the contrary, and from that point on the reasonableness of the valuation fixed by the board becomes one of fact based upon evidence, unaided by presumption, with

the burden of showing such value to be unreasonable resting upon the party complaining. See, Weller v. Valley County, *supra;* Watson Industries v. County of Dodge, *supra.*

In this case the defendant may claim no benefit from the rule that valuations made by county assessors are ordinarily presumed to be correct. It clearly and conclusively appears that the assessor did not inspect the property. He arrived at his valuation by reference to a valuation fixed by professional appraisers. He did not accept the value placed on this property by the appraisers. In actuality the appraisers fixed a value upon all of the real estate and thereafter the assessor placed a value upon all of this real estate 35 percent below the appraisers' values. The value therefore was a reflection of value fixed by the appraisers and not by the assessor. The valuation was not based upon an inspection of the property.

Apparently the board of equalization resorted to and based its valuation upon that fixed by the assessor. This valuation was, under the rules cited, controlling upon the district court in the absence of evidence that it was unreasonable and excessive.

On the trial in the district court the plaintiff produced two witnesses who qualified sufficiently to be permitted to give testimony as to the value of the property in question for the purpose of taxation within the meaning of the rules. One of these gave it as his opinion that the value was $10,750. The other gave it as his opinion that it was $10,800.

Thus the presumption that the board of equalization in making the assessment on this property acted upon sufficient competent evidence to justify its action disappeared, and the question of value became one of fact unaided by presumption. And thus the burden devolved upon the plaintiff to show that the valuation made by the board was unreasonable.

The evidence of plaintiff as to value to which attention

has been called was not controverted by any competent evidence of value within the meaning of the rule that taxable value means value in the market in the ordinary course of trade.

The defendant called a witness who gave testimony related to the question of value. At no place did he give or attempt to give testimony as to the true value of the property. He placed a value upon the property, it is true, but it is clear that it was arbitrary and arbitrarily arrived at.

This witness was an employee of the firm of appraisers which appraised all of the real estate in Richardson County. He testified substantially that the property was examined as was all other property and after this was done comparative values were placed upon this and the other properties. There is testimony that in fixing the valuations reproduction costs were taken into consideration, but there is no testimony whatever that actual value within the meaning of law in its application to the taxation of property was ever taken into consideration. There was no other evidence of value.

The evidence therefore of the plaintiff as to actual value stood alone uncontradicted and unimpeached. It clearly had probative value. It follows that she sustained the burden of showing that the value fixed by the board of equalization was unreasonable and excessive. Her evidence in this respect showed that the actual value of this property did not exceed $10,800. This, if accepted, would cause the value for tax purposes to be one-half of that amount or $5,400. The conclusion is that this should be accepted as the proper value.

The judgment of the district court is accordingly reversed and the cause is remanded with directions to render judgment accordingly.

REVERSED AND REMANDED WITH DIRECTIONS.